UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Eric Russell,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Hagerty Insurance Agency, LLC**<br><br>Defendant. | No.<br><br>Judge<br>Magistrate Judge<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Eric Russell ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, Hagerty Insurance Agency, LLC (hereafter referred to as "Hagerty" or "Defendant") and alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.;* Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. § 4111.01, *et seq*.; Ohio Prompt Pay Act, O.R.C. § 4113.15, O.R.C. § 2307.60 and Fed. R. Civ. P. 23 for Hagerty's failure to pay Plaintiff and other similarly-situated employees all earned overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of Hagerty in Ohio. Plaintiff brings this action on behalf of himself and similarly-situated current and former salaried insurance agents who worked for Hagerty in Ohio.

3. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Hagerty failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings

this Class Action and Collective action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Hagerty's violations of federal and Ohio law as detailed further below.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within this District.

6. At all relevant times, Plaintiff has been a resident of Ohio and performed work for Hagerty in this judicial district.

7. Hagerty regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

8. Plaintiff, the Collective Members and the Class Members in their work for Hagerty were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

9. At all times material to the matters alleged in this Complaint, Plaintiff was an employee of Hagerty.

10. Plaintiff was employed by Hagerty as an agent from approximately June 2020 through approximately July 2025.

11. The Collective Members are all current and former salaried agents who worked for Hagerty in Ohio at any point in the three years preceding the filing of the original Complaint.

12. The Class Members are all current and former salaried agents who worked for Hagerty in the state of Ohio at any point in the three years preceding the filing of the Complaint.

13. The Class and Collective Members were misclassified by Hagerty as exempt from the OMFWSA and FLSA overtime requirements.

14. At all material times, Hagerty was licensed to transact business in the State of Ohio.

15. Under the OMFWSA and FLSA, Hagerty is an employer. At all relevant times, Hagerty had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Hagerty. As a person who acted in the interest of Hagertuy in relation to the company's employees, Hagerty is subject to liability under the OMFWSA and FLSA.

16. At all material times, Plaintiff and the Class and Collective Members were employees of Hagerty as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

17. At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

18. Plaintiff has given his written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached as "**Exhibit A**" and is attached again hereto.

## FACTUAL ALLEGATIONS

19. Hagerty sells auto insurance to customers across the United States.

20. Plaintiff was employed by Hagerty as an agent from approximately June 2020 through approximately July 2025.

21. The Collective Members are all current and former salaried agents who worked for Hagerty at any point in the three years preceding the filing of this Complaint. The Collective Members were misclassified by Hagerty as exempt from the FLSA's overtime requirements.

22. The Class Members are all current and former salaried agents who worked for Hagerty in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members were misclassified by Hagerty as exempt from the OMFWSA's overtime requirements.

23. At all relevant times, Plaintiff, the Collective Members and the Class Members worked between in excess of forty (40) hours in any given workweek in their employment for Defendants.

24. Hagerty never kept any record of the number of hours that Plaintiff, the Collective Members and the Class Members were working for Hagerty in any given workweek.

25. Instead, Hagerty misclassified Plaintiff, the Collective Members and the Class Members as exempt from overtime.

26. As a result, Hagerty failed to pay Plaintiff, the Collective Members and the Class Members one-and-one-half times their regular rates of pay for the hours that they worked which were in excess of forty (40) hours in any given workweek.

27. In their work for Hagerty, Plaintiff, the Collective Members and the Class Members were not outside sales employees.

28. In their work for Hagerty, Plaintiff, the Collective Members and the Class Members were not employed by an establishment that qualifies as a bona fide "retail or service establishment."

29. Plaintiff's, the Collective Members' and the Class Members' primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise.

30. Plaintiff, the Collective Members and the Class Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

31. Plaintiff, the Collective Members and the Class Members did not have the authority to hire or fire other employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

32. Plaintiff's, the Collective Members' and the Class Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Hagerty's business.

33. Plaintiff's, the Collective Members' and the Class Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

34. As a result of Hagerty's failure to compensate Plaintiff, the Collective Members and the Class Members overtime wage rate for such hours worked, Hagerty has violated the overtime provisions of federal and Ohio law.

35. At all relevant times, Hagerty failed to keep accurate time and pay records for Plaintiff, the Collective Members and the Class Members as required by federal and Ohio law.

36. Hagerty's method of paying Plaintiff and Class and Collective Members in violation of federal and Ohio law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Hagerty knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

37. Plaintiff asked his direct supervisor why Hagerty did not pay overtime in July 2025.

38. Approximately five days later, Hagerty made the decision to terminate Plaintiff's employment.

39. Hagerty's termination of Plaintiff was retaliatory and was in further violation of the federal and state law.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

41. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former salaried agents employed in Ohio by Hagerty.

42. Hagerty subjected all of their non-exempt hourly employees, including Plaintiff and the Collective Members, to their policy and practice of failing to pay for all hours worked and improperly calculating overtime rates in violation of 29 U.S.C. §§ 206 and 207.

43. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

44. The Collective Members perform or have performed the same or similar work as Plaintiff.

45. Hagerty's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

46. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims

of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Hagerty that caused harm to all of the Collective Members.

47. As such, Plaintiff brings these FLSA claims as a collective action on behalf of the following class:

> **All of Hagerty's current and former salaried agents who worked in Ohio at any time from three years preceding the filing of the Complaint to the present.**

48. Hagerty's unlawful conduct, as described herein, is pursuant to their corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

49. Hagerty is aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all minimum wage and overtime as detailed herein.

50. Hagerty's unlawful conduct has been widespread, repeated, and consistent.

51. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

52. Upon information and belief, the individuals similarly situated to Plaintiff includes hundreds of misclassified employees currently and/or formerly employed by Hagerty. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Hagerty's possession, custody, or control, but it can be readily ascertained from their employment records.

53. Notice can be provided to the Collective Members by First Class Mail to the last address known to Hagerty, via email at the last known email address known to Hagerty, and by text message to the last known telephone number known to Hagerty.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Plaintiff brings Claims for Relief for violation of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following class comprised of:

**Rule 23 Class**

**The Class Members are all of Hagerty's current and former salaried agents who worked in Ohio at any time from three years preceding the filing of the Complaint to the present.**

**Numerosity (Rule 23(a)(1)).**

56. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Hagerty employed greater than one hundred people who satisfy the definition of the Class Members.

**a. Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

57. Common questions of law and fact exist as to the Plaintiff and the Class Members including, but not limited to, the following:

a. Whether Hagerty unlawfully failed to pay the Class Members all overtime wages in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

b. Whether Hagerty unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

**b. Typicality (Rule 23(a)(3)).**

58. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Hagerty's illegal scheme to maximize profits by depriving their employees of minimum wage and overtime compensation.

**c. Adequacy (Rule 23(a)(4)).**

59. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

**d. Injunctive and Declaratory Relief (Rule 23(b)(2)).**

60. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Hagerty acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

**e. Predominance and Superiority of Class Action (Rule 23(b)(3)).**

61. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Hagerty's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Hagerty's practices.

62. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**UNPAID OVERTIME**
**(on behalf of Plaintiff and the Collective Members)**

63. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

64. In their work for Hagerty, Plaintiff and the Collective Members routinely worked in excess of forty hours in a given workweek.

65. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek.

66. However, Hagerty misclassified Plaintiff and the Collective Members as exempt from the FLSA's overtime requirements and failed to pay them overtime as required by law.

67. The FLSA requires and employer to keep records that include certain identifying information about the employee and data about the hours worked and the wages earned. The law requires this information to be accurate. The following is a listing of the basic records that an employer must maintain: (1) employee's full name and social security number; (2) address, including zip code; (3) birth date, if younger than 19; (4) sex and occupation; (5) time and day of week when employee's workweek begins; (6) hours worked each day; (7) total hours worked each workweek; (8) basis on which employee's wages are paid (e.g., "$9 per hour", "$440 a week", "piecework"); (9) regular hourly pay rate; (10) total daily or weekly straight-time earnings; (11) total overtime earnings for the workweek; (12) all additions to or deductions from the employee's

wages; (13) total wages paid each pay period; and (14) date of payment and the pay period covered by the payment. FLSA Factsheet #21.

68. At all relevant times, Hagerty failed to keep accurate time and pay records for Plaintiff and the Collective Members as required by federal law.

69. Hagerty's method of paying Plaintiff and the Collective Members in violation of federal law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Hagerty knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

70. As a result of Hagerty's failure or refusal to pay Plaintiff and the Collective Members overtime, Hagerty violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT**
**UNPAID OVERTIME**
**(on behalf of Plaintiff and the Class Members who elect to opt-in)**

71. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

72. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

73. In their work for Hagerty, Plaintiff and the Class Members routinely worked in excess of forty hours in a given workweek.

74. However, Hagerty misclassified Plaintiff and the Class Members as exempt from the Ohio's overtime requirements and failed to pay them overtime as required by law.

75. Under Ohio law, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek.

76. Ohio law requires and employer to keep records that include certain identifying information about the employee and data about the hours worked and the wages earned. The law requires this information to be accurate. The following is a listing of the basic records that an employer must maintain: (1) employee's full name and social security number; (2) address, including zip code; (3) birth date, if younger than 19; (4) sex and occupation; (5) time and day of week when employee's workweek begins; (6) hours worked each day; (7) total hours worked each workweek; (8) basis on which employee's wages are paid (e.g., "$9 per hour", "$440 a week", "piecework"); (9) regular hourly pay rate; (10) total daily or weekly straight-time earnings; (11) total overtime earnings for the workweek; (12) all additions to or deductions from the employee's wages; (13) total wages paid each pay period; and (14) date of payment and the pay period covered by the payment.

77. At all relevant times, Hagerty failed to keep accurate time and pay records for Plaintiff and the Class Members as required by federal law.

78. As a result of Hagerty's company-wide policies, Plaintiff and the Class Members were not paid overtime and are owed significant unpaid wages.

79. Hagerty's method of paying Plaintiff and the Class Members in violation of Ohio law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Hagerty knew the requirement to pay for all time worked, but intentionally and/or

recklessly chose not to do so.

80. As a result of Hagerty's failure or refusal to pay Plaintiff and the Class Members for all hours worked, and Hagerty's failure or refusal to pay Plaintiff and the Class Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Plaintiff and the Class Members are entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus treble damages, together with interest, reasonable attorney's fees, and costs.

**COUNT THREE: OHIO PROMPT PAY ACT**
**(on behalf of Plaintiff and the Class Members who decline to opt-out)**

81. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

82. During all relevant times, Hagerty was covered by O.R.C. § 4113.15, and Plaintiff and the Class Members were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

83. O.R.C. § 4113.15(A) requires that Hagerty pay Plaintiff and the Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

84. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to Ohio's Prompt Pay Act." *Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12 (S.D. Ohio, March 23, 2023).

85. By failing to pay Plaintiff and the Class Members all overtime wages due to them under the FLSA, Hagerty has also violated the Ohio Prompt Pay Act.

86. Plaintiff and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

87. In violating Ohio law, Hagerty acted willfully, without a good faith basis and with reckless disregard to Ohio law.

88. As a result of Hagerty's willful violation, Plaintiff and Class Members are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**COUNT FOUR: UNLAWFUL RETALIATION IN VIOLATION OF THE FLSA**
**(On behalf of Plaintiff individually)**

89. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully rewritten herein.

90. 29 U.S.C. § 215(a)(3) prohibits the discharge or in any other manner discrimination against any employee for attempting to enforce their rights under the FLSA.

91. In July 2025, Plaintiff asked his direct supervisor why Hagerty was not paying him overtime.

92. In doing so, Plaintiff engaged in activity that is protected from retaliatory and discriminatory action under the FLSA.

93. Approximately five days later, Hagerty made the decision to terminate Plaintiff's employment.

94. Plaintiff's attempts to avail himself to the rights afforded to him by the FLSA were the reason for his termination.

95. Any other reason that may be offered by Hagerty as the cause of Plaintiff's termination is pretext.

96. Hagerty's termination of Plaintiff was retaliatory and was in further violation of the federal and state law.

**WHEREFORE**, Plaintiff, Eric Russell, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Hagerty Insurance Agency, LLC:

A. For the Court to declare and find that Hagerty Insurance Agency, LLC committed one or more of the following acts:

   i. violated the overtime provisions of the FLSA;

   ii. willfully violated the wage and overtime provisions of the FLSA;

   iii. unlawfully retaliated against Plaintiff in violation of the FLSA;

   iv. violated the minimum wage and overtime provisions of the OMFWSA;

   v. willfully violated the minimum wage and overtime provisions of the OMFWSA;

   vi. willfully violated the Ohio Prompt Pay Act; and

   vii. unlawfully retaliated against Plaintiff.

B. For the Court to award damages in the amounts of all unpaid overtime wages and back pay due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members;

F. For the Court to award Plaintiff's and the Class and Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time she spent attempting to recover wages for the Class and Collective Members and for the risks he took in doing so; and

H. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: March 17, 2026

Respectfully submitted,

By: /s/ *James L. Simon*

James L. Simon (OH#0089483)
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio
Telephone: (216) 816-8696
Email: james@simonsayspay.com